RELEASED FOR PUBLICATION

DOCKET NO. 551

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -5 1983

PATRICIA ...
CLERK OF ...

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE WASHINGTON PUBLIC POWER SUPPLY SYSTEM SECURITIES LITIGATION

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROY W. HARPER,* CHARLES R. WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE,* FRED DAUGHERTY, AND SAM C. POINTER, JR., JUDGES OF THE PANEL

## TRANSFER ORDER

PER CURIAM

This litigation consists of thirteen actions pending in two districts:  eleven actions in the Western District of Washington and two actions in the Southern District of New York.  Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by plaintiffs in six Washington actions, to centralize the actions in this litigation in the Western District of Washington for coordinated or consolidated pretrial proceedings.  Six defendants have cross-moved to centralize the actions in the Southern District of New York.[1]  In addition to movants, plaintiffs in two Washington actions and 82 defendants favor transfer to the Western District of Washington.  In addition to cross-movants, four defendants and plaintiffs in the two New York actions, who are also plaintiffs in two Washington actions, favor transfer to the Southern District of New York.  No responding party has opposed centralization.

On the basis of the papers filed and the hearing held, the Panel finds that these thirteen actions involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Western District of Washington will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of

---

* Judge Roy W. Harper recused himself and took no part in the decision of this matter.  In addition, Judge Robert H. Schnacke took no part in the decision of this matter.

[1]  The Panel has been advised of the pendency of several related actions not included on the Section 1407 motion or cross-motions.  These actions will be treated as potential tag-along actions.  See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

-2-

the litigation.  All the actions before the Panel involve alleged
violations of securities laws arising from the issuance and sale by
the Washington Public Power Supply System (WPPSS) of "Nuclear
Projects 4 and 5 Generating Facilities Revenue Bonds C" (WPPSS 4 & 5
bonds) to finance the construction of two nuclear power generating
facilities (Nuclear Projects 4 & 5) in the State of Washington.
Moreover, overlapping class certifications have been sought in all
thirteen actions.  Centralization under Section 1407 is thus
necessary in order to eliminate duplicative discovery, prevent
inconsistent pretrial rulings, and conserve the resources of the
parties, their counsel, and the judiciary.

The Western District of Washington is clearly the preferable
transferee district.  We recognize that several important defendants
in this litigation are located in Philadelphia or New York City, and
accordingly some key witnesses and documents will be found in those
two cities.  Nevertheless, we are persuaded that the Pacific
Northwest, and particularly the State of Washington, is the center
of gravity of this litigation and the focal point for discovery.  In
this regard, we note that 1) WPPSS, the issuer of the WPPSS 4 & 5
bonds, has its headquarters in the State of Washington; 2) the
construction sites for Nuclear Projects 4 & 5 are located in the
State of Washington; 3) numerous acts and transactions alleged in
the complaints -- in particular those acts and transactions
pertaining to the planning, construction and termination of Nuclear
Projects 4 & 5 -- purportedly occurred in the Pacific Northwest;
4) the majority of defendants in these actions resides in the
Pacific Northwest; and 5) eleven of thirteen actions before the
Panel are already pending in the Western District of Washington.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the
actions listed on the attached Schedule A and pending in the
Southern District of New York be, and the same hereby are,
transferred to the Western District of Washington and, with the
consent of that court, assigned to the Honorable Richard M. Bilby
from the District of Arizona, sitting in the Western District of
Washington pursuant to an intracircuit assignment under 28 U.S.C.
§292(b), for coordinated or consolidated pretrial proceedings with
the actions pending there and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

## SCHEDULE A

<u>MDL-551 -- In re Washington Public Power Supply System</u>
<u>Securities Litigation</u>

### Southern District of New York

<u>Moise Katz v. R. W. Beck and Associates, et al.</u>,
C.A. No. 83 Civ 1715
<u>Paul J. Bonseigneur v. R. W. Beck and Associates, et al.</u>,
C.A. No. 83 Civ 1758

### Western District of Washington

<u>David Gold v. R. W. Beck and Associates, et al.</u>,
C.A. No. C83-232
<u>Rosalyn Mirotznik v. Washington Public Power Supply System,
et al.</u>, C.A. No. C83-295
<u>Morris Massry v. Washington Public Power Supply System, et al.</u>,
C.A. No. C83-296
<u>Moise Katz v. Public Utility District No. 1 of Benton County,
et al.</u>, C.A. No. C83-298
<u>Paul J. Bonseigneur v. Public Utility District No. 1 of Benton
County, et al.</u>, C.A. No. C83-299
<u>Dr. Joseph Harris, etc. v. Blyth Eastman Paine Webber Inc.,
et al.</u>, C.A. No. C83-300
<u>Henry Puchall, etc. v. Washington Public Power Supply System,
et al.</u>, C. A. No. C83-305
<u>Dr. Howard Sheldon, etc. v. Blyth Eastman Paine Webber Inc.,
et al.</u>, C.A. No. 83-307
<u>Jack Schroeder v. Washington Public Power Supply System, et al.</u>,
C.A. No. C83-359
<u>Leonard Laub v. Wood & Dawson, et al.</u>,
C.A. No. C83-370
<u>Louis Brazen v. Washington Public Power Supply System,
et al.</u>, C.A. No. C83-578

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 30 1989

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 551

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE WASHINGTON PUBLIC POWER SUPPLY SYSTEM SECURITIES LITIGATION

ORDER REASSIGNING LITIGATION

Inasmuch as the actions in the above litigation have been reassigned to the Honorable William D. Browning in accordance with the Local Rules for the United States District Court for the Western District of Washington, sitting there by designation pursuant to 28 U.S.C. §292(b),

IT IS THEREFORE ORDERED that the above-captioned litigation be, and the same hereby is, reassigned to the Honorable William D. Browning for the remainder of the coordinated or consolidated pretrial proceedings pursuant to 28 U.S. C. §1407.

FOR THE PANEL:

Andrew A. Caffrey
Chairman